■ In the Matter of THOMAS K. KEEFE, on Behalf of CLARENCE HORTON, Petitioner, v RENSSELAER COUNTY, Respondent. (And Another Related Proceeding.) — Weiss, J. Proceeding, initiated in this court pursuant to Executive Law § 298 to review a determination of the State Division of Human Rights, dated January 18, 1984, which dismissed petitioner's complaints of an unlawful discriminatory practice based on sex.

In written complaints dated November 22, 1983, signed and sworn to by petitioner's attorney, a charge of unlawful discriminatory practice relating to employment because of sex was made against Rensselaer County, Hudson Valley Community College,

Capital District Education Opportunity Center (CDEOC) and the State University of New York (three individual officials of these respondents were also named). The claim alleged that petitioner was hired October 18, 1982 as an administrative assistant at CDEOC. He contends that his August 31, 1983 discharge was based on his sex. He also claims other discriminatory practices, such as having to work in a satellite office in Albany without telephone, staff or support equipment while a female in the same position was assigned to the fully equipped office in Troy; the limitation on his use of CDEOC vehicles; that he was not properly introduced to coemployees as were female employees; that female employees could meet with the supervisor alone while petitioner could not; that he was required to submit monthly activity reports while a female employee was not; that female employees received better performance ratings than petitioner; and that his discharge was based on his sex.

A lengthy hearing was held at which witnesses testified. The State Division of Human Rights found a lack of probable cause for the complaint against Rensselaer County because Hudson Valley Community College, an independent legal entity, was petitioner's employer, not Rensselaer County. In a separate order, the Division determined similarly with reference to the State University of New York in that Hudson Valley Community College operated the Educational Opportunity Center under a written contract.

The record fully supports the determination that neither Rensselaer County nor the State University of New York employed petitioner. The determination to dismiss the complaints against these two respondents is therefore not arbitrary, capricious or otherwise contrary to law, and should be upheld.

Determination confirmed, and petition dismissed, with costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.